José Correa Álvarez, Appellant, *v.* Registrar of Property of Bayamón, Respondent.

No. 1222.—Submitted November 3, 1947.—Decided November 21, 1947.

*Angel Rivera Colón* for appellant.   The registrar appeared by brief.

Mr. Justice Marrero delivered the opinion of the Court.

A marshal's deed, executed on March 12, 1947, in the city of Bayamón, under No. 57 before Notary Ángel Rivera Colón, was recorded by the registrar of property of that district "with the curable defect of a failure to show the status of Andrés San Miguel González and Amparo Salgado as heirs of Pedro Ángel San Miguel."

The appellant José Correa Álvarez, purchaser of the property involved in said deed, urges that the second paragraph of § 18 of the Mortgage Law[1] does not grant to the registrar any power to pass upon the grounds of judicial decisions, and that the statement of said defect is in conflict with the holding of this Court in *Federal Land Bank of Baltimore* v. *Registrar,* 49 P.R.R. 143.

It is true that on numerous occasions we have held that, under the above-cited paragraph of said Section, "The power of the registrar to pass upon documents issued by judicial authorities extends only to determining whether or not the judge had jurisdiction of the subject matter, the nature and effect of the order, whether it was made in the proper proceeding, whether the essential rules and procedure for its validity were followed, and whether the document contains all the facts which, according to the Mortgage Law, are necessary for recording the same." *Heirs of Trías* v. *Registrar,* 59 P.R.R. 462, 468, and *Valiente* v. *Registrar,* 63 P.R.R. 143, 148. Also, that the registrar may inquire into the jurisdiction under which the order or judgment, whose record or entry is requested, was rendered, and whether or not the proceeding was the one prescribed by law. *Santos* v. *Registrar,* 60 P.R.R. 131, and *Heirs of Estrella* v. *Registrar,* 41 P.R.R. 751. And that said officer has no power to pass upon the questions of fact or of law decided by the district courts. *Caballero et al.* v. *Registrar,* 35 P.R.R. 564. However, we have also held that this does not mean that the

---

[1] "Section 18. Registrars shall, under their responsibility, determine the legality of the instruments under which record is requested, and the capacity of the parties thereto, upon the facts that appear from said instruments themselves.

"They shall likewise, under their responsibility, pass on all documents issued by judicial authorities for the sole purpose of admitting, suspending or refusing their admission to record or entry.

"The only remedies against a decision suspending or refusing to admit to record or to enter a cautionary notice shall be such as are provided for in this law, and judges and courts can not otherwise compel registrars to make records or entries by virtue of judicial documents."

registrars are not empowered to deny admission to record of judicial decisions when it does not appear from the decisions that the requirements prescribed by law, as a condition precedent to their rendition, were complied with. *Taboada* v. *Registrar of Guayama,* 26 P.R.R. 600.

The deed in respect of which the above-mentioned defect was noted, contains a full copy of the judgment rendered by the District Court of Bayamón in an ordinary action to foreclose a mortgage, brought by José Correa Álvarez against the Heirs of Pedro Ángel San Miguel. After reciting that the plaintiff sought to recover on a mortgage constituted by Pedro Ángel San Miguel on October 23, 1943, for the sum of $1,400 as principal, plus interest at 8 per cent per annum, and an additional sum, fixed at $150, for costs, expenses, and attorney's fees in case of judicial claim; and that the defendants answered the complaint and offered to consent thereto, said judgment went on to state that the parties filed a stipulation for the rendition of judgment pursuant to Rule 68 of the Rules of Civil Procedure for the Courts of Puerto Rico, and that "the court, in view of the aforesaid stipulation renders judgment and adjudges the Succession of Pedro Ángel San Miguel, *composed of his legitimate parents Andrés San Miguel González and Amparo Salgado,* to pay to the plaintiff José Correa Álvarez the sum of $1,100 as principal, $300 as interest accrued up to August 1, 1946, together with such interest as shall have accrued up to the time of full payment of the indebtedness, at the rate of 8 per cent per annum, and $100 as costs, expenses, and attorney's fees." (Italics ours.) From the face of the judgment it readily appears that the court did not have before it any evidence whatsoever tending to show who were the true heirs of the original debtor, and that, in accordance with the stipulation and probably copying from the title of the proceeding, it merely stated in the judgment that the succession of the debtor was "composed of his legitimate parents Andrés San Miguel González and Amparo Salgado."

There is no doubt that the heirs of the decedent were liable *in solidum* for the obligations of their ancestor. *Morales* v. *Cabrera,* 53 P.R.R. 90. Neither is there any doubt that in proceedings to foreclose a mortgage, whether by ordinary action or by summary process, it is not necessary that the mortgaged property should have been previously recorded in order to record a marshal's deed in favor of the purchaser. *Federal Land Bank of Baltimore* v. *Registrar, supra.* Nor that in cases of this sort a declaration of heirship does not have to be petitioned for separately, under the provisions of the Special Legal Proceedings Act,[2] but evidence as to such heirship may be introduced within the foreclosure proceeding itself. *Morales et al.* v. *Landráu et al.,* 15 P.R.R. 761, 777. Nevertheless, it is essential that in said proceeding there be evidence showing who are the heirs of the decedent. *Ginorio* v. *Registrar,* 50 P.R.R. 384.[3]

As we have already indicated, the appellant lays emphasis on the case of *Federal Land Bank* v. *Registrar, supra,* and maintains that a previous recording in favor of the heirs is not necessary in order to record a property purchased at a judicial sale. We agree; but contrary to what the appellant claims, in *Ginorio* v. *Registrar, supra,* we clearly stated, at p. 387, that said case "did not decide that no identification of heirs was necessary."

The case of *Zayas et al.* v. *Registrar,* 36 P.R.R. 705 is very similar to the present one. There as here, the judgment was rendered upon a stipulation, and the registrar also made the recording subject to a curable defect. This Court said at p. 709:

"... the registrar had authority to inquire whether the trial court had jurisdiction to render the judgment by stipulation between the parties and to order Juan and Juana Rolón Santiago to ratify the sale in behalf of their spouses.

---

[2] Section 552 *et seq.* of the Code of Civil Procedure, 1933 ed.

[3] Cf. *Santos* v. *Registrar,* 64 P.R.R. 762, 764; *Schluter* v. *Registrar,* 37 P.R.R. 654.

" . . . The cases cited by the appellants, *Coy* v. *Registrar*, 22 P.R.R. 403, and *Ortiz* v. *Registrar*, 23 P.R.R. 652, uphold the doctrine of the registrar in the sense that it is not necessary to make a record in favor of the heirs who perform an obligation of the ancestor; *but the heirs are in no way exempt from showing their capacity as such heirs.* The registry is an institution for the protection of third persons, and the admission of the parties in an action of the ratification of a certain sale, in the form appearing in this appeal, may affect persons who might possibly be interested in the properties sold without having had their day in court. The *declaration of heirs in the present case was a necessary step and the registrar was right in requiring that that be shown to him.*" (Italics ours.)

Since it appears on the face of the judgment that the latter was entered without the court having before it any evidence to determine who were the true heirs of the original mortgage debtor, the decision appealed from . should be affirmed.

Judgment will be rendered accordingly.